**Nicholas J. Henderson, OSB No. 074027**
  nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Attorney for Evergreen Vintage Aircraft, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>EVERGREEN VINTAGE AIRCRAFT, INC. | Bankr. Case No. 14-36770-rld11 |
| EVERGREEN VINTAGE AIRCRAFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WORLD FUEL SERVICES, INC.,<br><br>Defendant | Adversary Proc. No.<br><br>**COMPLAINT**<br><br>1) Avoidance of Fraudulent Transfer - 11 U.S.C. §§ 544, 548<br>2) Avoidance of Preferential Transfer - 11 U.S.C. § 547<br>3) Avoidance of Unperfected Liens – 11 U.S.C. § 544<br>4) Determination of Validity, Priority and Extent of Liens |

Plaintiff Evergreen Vintage Aircraft, Inc. by and for its complaint against Defendant World Fuel Services, Inc. hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), (H) (K) and (O).

Page 1 of 8 – COMPLAINT

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

Case 14-36770-rld11   Doc 89   Filed 05/19/15

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a); this is a core proceeding arising in a bankruptcy case pending in this district.

3. Plaintiff EVA consents to entry of a final order or judgment by this Court in this adversary proceeding.

## THE PARTIES

4. Plaintiff Evergreen Vintage Aircraft, Inc. ("EVA") is an Oregon corporation with assets primarily located in McMinnville, Yamhill County, Oregon. EVA filed a petition under Chapter 11 of the United States Bankruptcy Code on December 11, 2014 (the "Petition Date"). A trustee has not been appointed in EVA's bankruptcy case, and EVA is continuing its operations as debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

5. Defendant World Fuel Services, Inc. ("World") is a Florida corporation. World is in the business of selling aviation fuel and related services.

## GENERAL ALLEGATIONS

6. On or about May 10, 2013, and on a period basis thereafter, World and its affiliates sold fuel and provided services to Evergreen International Airlines, Inc. ("EIA").

7. On or about July 20, 2012, EVA executed and delivered to World a Blanket Payment and Performance Guaranty (the "Guaranty"), to guarantee repayment of EIA's debt to World for fuel and services. A true and correct copy of the Guaranty is attached as **Exhibit 1**.

8. On or about July 27, 2012, EVA executed and delivered to World an Aircraft Chattel Mortgage and Security Agreement (the "ACMSA") to secure EIA's obligations to World. At the time the ACMSA was executed and delivered, the balance of EIA's outstanding debt to World was approximately $6,900,000. A true and correct copy of the ACMSA is attached hereto as **Exhibit 2**.

Page 2 of 8 – COMPLAINT

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

Case 14-36770-rld11    Doc 89    Filed 05/19/15

9. On or about July 1, 2013, EVA and World executed an Aircraft Security Agreement to provide additional collateral to secure the Guaranty. A true and correct copy of this agreement (the "Additional Collateral Agreement") is attached hereto as **Exhibit 3**.

10. On December 9, 2013, World filed an action in the Circuit Court for the State of Oregon, Yamhill County Case No. 13CV07910 (the "Lawsuit"). In the Lawsuit, World alleged that EIA had breached its agreement to pay for fuel and services provided, and that EVA had breached the Guaranty by failing to pay EIA's debt.

11. On July 10, 2014, World obtained a prejudgment writ of attachment in the Lawsuit (the "Writ"). A true and correct copy of the Writ is attached hereto as **Exhibit 4**.

12. On or about November 3, 2014, World attempted to record a claim of lien, under the Writ, against EVA's real property located at 500 NE Captain Michael King Smith Way, McMinnville, OR 97128, more particularly described as set forth on the attached **Exhibit 5** (the "Real Property").

13. EVA is informed and believes, and therefore alleges, that a claim of lien pertaining to the Real Property was not actually filed with the Yamhill County Clerk.

14. On November 12, 2014, at World's direction and pursuant to the Writ, the Yamhill County Sheriff levied upon certain items of EVA's personal property. The specific items levied upon by the Sheriff (collectively, the "Levied Property") are described on the attached **Exhibit 6**.

15. EVA filed for relief under Chapter 11 of the U.S. Bankruptcy Code on December 11, 2014 (the "Petition Date").

Page 3 of 8 – COMPLAINT

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

Case 14-36770-rld11    Doc 89    Filed 05/19/15

## FIRST CLAIM FOR RELIEF
Avoidance and Recovery of Fraudulent Transfers and Obligations
11 U.S.C. § 544(b)

16. Plaintiff EVA realleges paragraphs 1-15 as if fully set forth herein.

17. EVA received no consideration in exchange for the transfers and obligations effected through the Guaranty, the ACMSA, and the Additional Collateral Agreement.

18. EVA was insolvent at the time it executed and delivered the Guaranty, the ACMSA, and the Additional Collateral Agreement, or it became insolvent as a result of such transfers and obligations.

19. At the time it executed and delivered the Guaranty, the AMCSA and the Additional Collateral Agreement, EVA owed several unsecured creditors, including but not limited to Delford M. Smith and Evergreen Holdings, Inc.

20. EVA is entitled to avoid the transfers and obligations set forth in the Guaranty, the ACMSA and the Additional Collateral Agreement under the Oregon Uniform Fraudulent Transfer Act, ORS section 95.230 and 95.240, and, therefore, EVA is entitled to avoid such transfers and obligations pursuant to 11 U.S.C. § 544(b). EVA is further entitled to avoid World's prejudgment attachment liens against EVA's property.

## SECOND CLAIM FOR RELIEF
Avoidance of Fraudulent Transfer
11 U.S.C. § 548(a)(1)(B)

21. Plaintiff EVA realleges paragraphs 1-18 as if fully set forth herein.

22. EVA is entitled to avoid the transfers and obligations set forth in the Guaranty, the ACMSA and the Additional Collateral Agreement under 11 U.S.C. § 548. EVA is further entitled to avoid World's prejudgment attachment liens against EVA's property.

Page 4 of 8 – COMPLAINT

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

Case 14-36770-rld11    Doc 89    Filed 05/19/15

## THIRD CLAIM FOR RELIEF
Avoidance of Unperfected Claims of Lien
11 U.S.C. § 544

23. Plaintiff EVA realleges paragraphs 1-15 as if fully set forth herein.

24. A claim of lien under the Writ was not filed with the Federal Aviation Administration. As a result, World did not comply with the requirements of the Federal Aviation Act ("FAA"), 49 U.S.C. § 44107, *et seq*.

25. Because World did not comply with the FAA, the alleged prejudgment attachment lien was not perfected against any aircraft or related items including in the Levied Property.

26. Pursuant to 11 U.S.C. § 544, EVA is entitled to avoid World's claim of prejudgment attachment lien against the aircraft and related property including in the Levied Property because such lien was not perfected under applicable law as of the Petition Date.

## FOURTH CLAIM FOR RELIEF
Determination of Extent, Validity and Priority of Lien

27. Plaintiff EVA realleges paragraphs 1-15 as if fully set forth herein.

28. World failed to file a claim of lien under the Writ against the Real Property in the manner required by ORCP 84 C(2)(a)(i)-(iv). As a result, World's asserted prejudgment attachment lien did not attach to the Real Property.

29. EVA is entitled to a judgment declaring that World's asserted lien against the Real Property is null and void.

## FIFTH CLAIM FOR RELIEF
Avoidance of Preferential Transfers
11 U.S.C. § 547

### COUNT I
(Regarding Levied Property)

30. Plaintiff EVA realleges paragraphs 1-15 as if fully set forth herein.

Page 5 of 8 – COMPLAINT

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

Case 14-36770-rld11    Doc 89    Filed 05/19/15

31. Pursuant to Oregon Rules of Civil Procedure ("ORCP") 84 D(2)(a), World's prejudgment attachment lien against the Levied Property did not attach until the Sheriff took control of said property through levy on November 12, 2014.

32. If EVA was obligated to pay World pursuant to the terms of the Guaranty, World was a creditor of EVA, and the Sheriff's levy on November 12, 2014 was a transfer to or for World's benefit and on account of an antecedent debt owed by EVA to World.

33. EVA was insolvent at the time of the Sheriff's levy on the Levied Property.

34. World's prejudgment attachment lien against the Levied Property would allow World to receive more than it would be entitled to receive if such prejudgment attachment lien had not attached and had World received payment in this Chapter 11 case to the extent provided by the provisions of the U.S. Bankruptcy Code.

35. EVA is entitled to avoid World's prejudgment attachment lien against the Levied Property under 11 U.S.C. § 547.

## COUNT II
(Regarding the Real Property)

36. Plaintiff EVA realleges paragraphs 1-15 as if fully set forth herein.

37. Pursuant to ORCP 84 C(2)(b), World's prejudgment attachment lien against the Real Property does not attach until a claim of lien is properly recorded in the manner required by ORCP 84 C(2)(a)(i)-(iv).

38. If World properly filed claim of lien as required by ORCP 84 C, it did so no earlier than November 3, 2014.

39. If EVA was obligated to pay World pursuant to the terms of the Guaranty, World was a creditor of EVA, and the claim of lien—if properly recorded—was a transfer to or for World's benefit and on account of an antecedent debt owed by EVA to World.

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

40. EVA was insolvent at the time of the purported filing of the claim of lien against the Real Property.

41. If World's prejudgment attachment lien attached against the Real Property, World would be allowed to receive more than it would be entitled to receive if such prejudgment attachment lien had not attached and had World received payment in this Chapter 11 case to the extent provided by the provisions of the U.S. Bankruptcy Code.

42. EVA is entitled to avoid World's prejudgment attachment lien against the Real Property under 11 U.S.C. § 547.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Evergreen Vintage Aircraft, Inc. prays for a judgment against Defendant World Fuel Services, Inc. s follows:

1. On EVA's First Claim for Relief (Fraudulent Transfer – 11 U.S.C. § 544(b)):
    a. the avoidance of the transfers made and obligations entered into pursuant to the Guaranty, the ACMSA and the Additional Collateral Agreement;
    b. the avoidance of World's prejudgment attachment lien on the Real Property and the Levied Property; and

2. On EVA's Second Claim for Relief (Fraudulent Transfer – 11 U.S.C. § 548):
    a. the avoidance of the transfers made and obligations entered into pursuant to the Guaranty, the ACMSA and the Additional Collateral Agreement;
    b. the avoidance of World's prejudgment attachment lien on EVA's real and personal property; and

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

3. On EVA's Third Claim for Relief (Unperfected Liens – 11 U.S.C. § 544(a)), the avoidance of World's prejudgment attachment lien against aircraft and other items governed by the FAA; and

4. On EVA's Fourth Claim for Relief (Extent, Validity, Priority of Lien), a judgment declaring that a lien did not attach to the Real Property under the Writ; and

5. On EVA's Fifth Claim for Relief (Preferential Transfer – 11 U.S.C. § 547):

   a. The avoidance of World's prejudgment attachment lien against the Real Property;

   b. The avoidance of World's prejudgment attachment lien against the Levied Property; and

6. For pre-judgment and post-judgment interest to the maximum extent allowable by law.

7. For all other relief as the Court deems just and proper under the circumstances.

DATED: May 19, 2015     MOTSCHENBACHER & BLATTNER, LLP

    /s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
    nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Attorneys for Evergreen Vintage Aircraft, Inc.

Page 8 of 8 – COMPLAINT

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Facsimile: (503) 417-0501

Case 14-36770-rld11    Doc 89    Filed 05/19/15