Nicholas J. Henderson, OSB#074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Attorneys for Debtor Evergreen Vintage Aircraft, Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>EVERGREEN VINTAGE AIRCRAFT, INC.<br><br>Debtor. | Case No. 14-36770-rld11<br><br>DEBTOR'S PLAN OF LIQUIDATION<br><br>Dated December 4, 2015 |

## ARTICLE I
## SUMMARY

This Plan of Liquidation (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Evergreen Vintage Aircraft, Inc. (the "Debtor") from the sale of substantially all of the Debtor's assets.

This Plan provides for **2** classes of secured claims; **5** classes of unsecured claims; and **1** class of equity security holders. Unsecured creditors will receive distributions in differing amounts, based on the agreement of certain creditors, Classes 4 and 5, who have agreed to accept a lower distribution than other unsecured creditors. Unsecured creditors that are neither insiders or affiliates of the Debtor, and that have not agreed to a reduced distribution, will receive a pro-rata share of $20,000, which the Plan Proponent believes will pay approximately **28** cents on the dollar for creditors receiving payment from such funds. Equity security holders will not retain their interests, and the Debtor will be dissolved after performance of this Plan. This Plan also provides for the payment of administrative claims. All distributions will be paid from proceeds remaining after the sale of substantially all of the Debtor's assets, which has already occured.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and

Page 1 of 8 – PLAN OF LIQUIDATION

discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   <u>Class 1</u>.  Disputed secured claim of World Fuel Services, Inc.  Class 1 consists of the secured claim asserted by World Fuel Services, Inc.

2.02   <u>Class 2</u>.  Disputed secured claim of Yamhill County Tax Collector.  Class 2 consists of the secured claim asserted by Yamhill County Tax Collector, in real estate and improvements previously owned by the Debtor.

2.03   <u>Class 3</u>.  General Unsecured Creditors Not Separately Classified.  Class 3 consists of those creditors holding General Unsecured Claims not separately classified by this Plan.

2.04   <u>Class 4</u>.  Umpqua Bank Unsecured Claim.  Class 4 consists of the general unsecured claim held by Umpqua Bank.

2.05   <u>Class 5</u>.  World Fuel Unsecured Claim.  Class 5 consists of the general unsecured claim of World Fuel Services, Inc.

2.06   <u>Class 6</u>.  Evergreen Helicopters, Inc.  Class 6 consists of the disputed, contingent and unliquidated claim of Evergreen Helicopters, Inc.

2.07   <u>Class 7</u>.  Insider and affiliate claims.  Class 7 consists of claims held by insiders and affiliates of the Debtor.

2.08   <u>Class 8</u>.  Equity interests of the Debtor.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
# U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in full on the Effective Date of the Plan.

3.04   <u>United States Trustee Fees</u>.  All U.S. Trustee fees required to be paid by 28 U.S.C. §1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date.

Page 2 of 8 – PLAN OF LIQUIDATION

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

Class 1 – World Fuel Services, Inc.'s Disputed Secured Claim.

Class 1 is impaired. Class 1 consists of the disputed secured claims of World Fuel Services, Inc. against the Debtor's Douglas A-26 Invader, and against $525,000 of the cash proceeds from the sale of a DeHavilland DHM1. Pursuant to the settlement between the parties, World Fuel's liens will be partially avoided, and World Fuel will receive distributions as set forth in this Plan. Regarding Class 1, within three (3) business days following the later of either 1) the Effective Date of this Plan; or 2) the date on which the Court approves the Debtor's proposed settlement with World Fuel Services, Inc., the Debtor shall transfer possession and title of the Douglas A-26 Invader to World Fuel Services, Inc. The remainder of World Fuel Service, Inc.'s claim shall be treated as a Class 5 unsecured claim.

Class 2 – Yamhill County Tax Collector Unsecured Claims.
Class 2 is impaired. Class 2 consists of the disputed secured claims of Yamhill County Tax Collector. Yamhill County Tax Collector was partially paid from the sale of the Debtor's assets, in amounts sufficient to satisfy tax claims against property in which the Debtor owned prior to the sale. The remainder of Yamhill County Tax Collector's claim is for ad valorem taxes on real and personal property in which the Debtor has no equity or interest. The tax claims are *in rem* against property in which the Debtor no longer claims an interest, and not *in personam* against the Debtor. No payment shall be made by the Debtor to Yamhill County Tax Collector. Nothing in this Plan shall prejudice the rights of Yamhill County Tax Collector regarding the liens asserted against the properties referenced in the creditor's Proof of Claim.

Class 3 – General Unsecured Claims Not Otherwise Separately Classified

Class 3 is impaired. Each holder of a Class 3 Unsecured Claim will be paid its pro-rata share of $20,000, without interest, within three (3) business days following the later of either 1) the Effective Date of this Plan; or 2) the date on which such claim is allowed by a final non-appealable order. It is anticipated that Class 3 claims will receive approximately 28.44% of their claims.

Class 4 – Unsecured Claim of Umpqua Bank

Class 4 is impaired. Class 4 consists of the unsecured claim of Umpqua Bank. Specifically, Class 4 includes Umpqua Bank's $500,000 "Contingent Payment" claim, as defined in the Settlement Term Sheet attached to the Notice of Intent and Motion to Settle and Compromise Pursuant to FRBP 9019 and Notice of Hearing filed on April 23, 2015 [Docket No. 71], which was approved pursuant to the Order Approving (1) Proposed Global Settlement; and (2) Sale of Debtor's Real and Personal Property Free and Clear of Liens entered on June 15, 2015 [Docket No. 118]. The Class 4 claim also includes the remainder of Umpqua Bank's General Unsecured Claim. The Class 3 creditor shall receive cash payment of $469,835, without interest, within three (3) business days of the Effective Date. This distribution amounts to approximately 2.2% of the Class 4 claim. The holder of the Class 4 claim has consented to this disparate treatment.

Class 5 – <u>Unsecured Claim of World Fuel Services, Inc.</u>

Class 5 is impaired. Class 5 consists of the unsecured claim of World Fuel Services, Inc. The Class 5 creditor shall receive cash payment of $400,000, without interest, within three (3) business days of the Effective Date. This distribution amounts to approximately 3.66% of the Class 5 claim. The holder of the Class 5 claim has consented to this disparate treatment.

Class 6 – <u>Disputed Claim of Evergreen Helicopters, Inc.</u>

Class 6 is impaired. Class 6 consists of the disputed, contingent and unliquidated claim for contribution filed by Evergreen Helicopters, Inc. No payment will be made to the Class 6 claim unless the holders of claims in Classes 3, 4 and 5 are paid in full.

Class 7 – <u>Insider and Affiliate Claims</u>

Class 7 is impaired. Class 6 consists of the unsecured claims held by insiders and affiliates of the Debtor. Specifically, Class 7 includes the unsecured claims by any of the following:

- Alfred T. Giuliano, Chapter 7 Trustee for:
    - Evergreen Aviation Ground Logistics Enterprise, Inc.;
    - Evergreen Defense & Security Services, Inc.;
    - Evergreen International Airlines, Inc.;
    - Evergreen International Aviation, Inc.;
    - Evergreen Systems Logistics, Inc.;
    - Evergreen Trade, Inc.; and
    - Supertanker Services, Inc.
- The Estate of Delford M. Smith;
- Evergreen Holdings, Inc.;
- Michael King Smith Foundation;
- Ventures Acquisition Company, LLC; and
- Ventures Holdings, Inc.

No payment is to be made to the Class 7 claims unless the holders of claims in Classes 3 through 6 are paid in full.

Class 8 – <u>Equity Interests</u>

Equity Holders shall not retain or receive any property from the Debtor.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02     Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03     Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As part of the Global Settlement, defined below, and the subsequent sale of the Debtor's assets, all executory contracts were either terminated and released, or were assigned to the buyer.  As a result, the Debtor does not have any executory contracts to assume or reject.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01     Payments from Available Cash and Contribution from Delford M. Smith Estate.

On June 19, 2015, the Court entered an Order Approving (1) Proposed Global Settlement; and (2) Sale of Debtor's Real and Personal Property Free & Clear of Liens [Docket No. 118] (the "Global Settlement").  Shortly thereafter, the Debtor sold all of its real and personal property for $22,000,000. From the sale proceeds, the Debtor paid closing costs, real and personal property taxes, Umpqua Bank's secured claim, and the US Trustee's quarterly fees.  In addition to the sale proceeds, the Debtor has collected all receivables, and has $1,037,769.56 of total cash available to make the distributions required under this Plan.  The cash available constitutes the entirety of the Debtor's remaining assets.

In addition to the Debtor's cash on hand, the Estate of Delford M. Smith will make a cash contribution to the Debtor, in the amount of $20,165.00, to provide the additional funds needed to make distributions required under this Plan.

7.02     Retention of Avoidance Claims. Avoidance Claims, if any, are retained. Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment. The Debtor does not believe it has any avoidance claims, and does not intend to pursue avoidance claims.

7.03     Retention of Third-Party Claims.  Except as otherwise provided in this Plan, the Debtor retains all Third-Party Claims.

7.04     No Interest.  Except as expressly stated in the Plan or otherwise allowed by the Bankruptcy Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtor shall be entitled to offset the distribution to any Creditor who has received payment for postpetition, interest, penalties or late charges not approved by the Court.

7.05 Time Bar to Cashing Checks. The Debtor may (but shall not be obligated to) stop payment on any check issued by it for an allowed claim if such check is not presented for payment within 60 days after the date of issuance thereof. Any request for reissuance of any check shall be made to the Debtor in accordance with this Plan, by the holder of the allowed claim to whom such check originally was issued, prior to the expiration of the 180-day period following the Effective Date. After such date, the holder of any such Claim who has failed to make a timely request for reissuance of such a voided check shall not be entitled to any other or further distribution under this Plan on account of such voided check or such claim, and any funds remaining as a result will be distributed pro-rata to Class 3 claim holders.

## ARTICLE VIII
## SECTION 1129(b) REQUEST

If thePlan meets the requirements of all provisions of 11 U.S.C. § 1129(a), except Paragraph 8 thereof, Debtor hereby requests confirmation of the Plan pursuant to 11 U.S.C. § 1129(b).

## ARTICLE IX
## GENERAL PROVISIONS

9.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the United States Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan.

9.02 Effective Date of Plan. The effective date of this Plan is the first business day following entry of an order confirming the Plan. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

9.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

9.05 Waiver. After entry of the Confirmation Order and except as otherwise specifically set forth in the Plan, any term of the Plan may be waived by the party benefitted by the term, but only in a writing signed by the waiving party, which will be effective without notice or Court approval.

9.06 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.07 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX – DEFAULT

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of its obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim. Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enf orce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in this Plan shall supercede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by this Plan.

Notice of default shall be effective when served simultaneously via email at the email addresses shown below and mailed to both the Debtor and to the Debtor's attorney, if any, postage prepaid, at the following addresses:

> Debtor: Evergreen Vintage Aircraft, Inc.
> Attn: Lisa Anderson, President
> 1271 NE Hwy 99W, PMB 502
> McMinnville, OR 97128
>
> Debtor's Attorney: Nicholas J. Henderson
> Motschenbacher & Blattner, LLP
> 117 SW Taylor Street, Suite 300
> Portland, OR 97204
> Email: nhenderson@portlaw.com

## ARTICLE X. -- RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. § 1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment or rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in

the Confirmation Order; and (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title.

## ARTICLE XI
## NO DISCHARGE OF DEBTOR

10.01 <u>No Discharge</u>.  In accordance with § 1141(d)(3)(A) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

          Respectfully submitted,

          EVERGREEN VINTAGE AIRCRAFT, INC.

By: /s/ Lisa Anderson
     Lisa Anderson,
     as President of Evergreen Vintage Aircraft, Inc.
     The Plan Proponent

By: /s/ Nicholas J. Henderson
     Nicholas J. Henderson OR: 074027
     Attorney for the Plan Proponent